Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

DR. JOEL JOSEPH,  )  CIVIL CASE NO. SP0073-11
                 )
         Petitioner,  )
                 )  **DECISION AND ORDER MOTION**
     vs.         )  **FOR PEREMPTORY WRIT**
                 )
GUAM BOARD OF ALLIED HEALTH  )
EXAMINERS,       )
                 )
         Respondent.  )
                 )
                 )

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on June 10, 2013 on Petitioner's Motion for Peremptory Writ. Petitioner Dr. Joel Joseph was represented by Attorney Mitchell F. Thompson. Respondent Guam Board of Allied Health Examiners ("Board") was represented by Assistant Attorney General Benjamin M. Abrams. The Court now issues its Decision and Order.

## BACKGROUND

On April 22, 2011, Dr. Joseph filed his Petition for Judicial Review/Writ of Mandate with this Court, alleging, *inter alia*, Respondent Board's disciplinary actions against him were void for vagueness/overbreadth and that he was denied a fair hearing for Board's failure to provide access to all x-ray films of the dog which was the subject of the second charge against him. On April 12, 2013, Petitioner filed his Motion for Peremptory Writ. His argument in favor of the writ is based on the vagueness/overbreadth of 10 G.C.A. § 12811(y) as well as the failure to produce the x-ray films.

Board filed its Opposition on May 10, 2013. Board argues the statute should not be struck down as impermissibly vague and that Petitioner is precluded from

arguing on the x-ray films due to his failure to raise the objection below. For the reasons set forth below, this Court shall grant Plaintiff's motion in part and deny in part.

## DISCUSSION

The peremptory writ must command the party to whom it is directed, immediately after the receipt of the writ, or at some other specified time, to do an act required to be performed. *See* 7 G.C.A. § 31204. It may be issued by any court to any inferior tribunal to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal. *See* 7 G.C.A. § 31202. The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. 7 G.C.A. § 31203. The Board, having already made a finding against Petitioner, offers no other recourse for Petitioner in this matter. Petitioner appropriately seeks the writ in this Court.

### A. Due Process Argument.

Petitioner is entitled to the opportunity for a fair and impartial hearing before the Board. *See* 10 G.C.A. § 12821(c). Petitioner argues that Board used certain x-ray films as evidence in its findings against him, yet did not provide him with opportunity to inspect the films. In its Opposition, Board argues the following:

> Petitioner urges that the production by Board Counsel of some but not all of twelve x-rays justifies the setting aside of its findings of fact and conclusions of law, and its Order, since having most, but not all of the dozen x-rays deprived him of a fair trial. But Petitioner did not raise this objection at the hearing and it should not be allowed to be presented for the first time on appeal. Moreover, there was never a factual showing that the other two or three x-rays would have made a material difference in the defense of the charges by Petitioner.

Memo in Opposition p.4 (internal quotations omitted).

Board's argument is problematic for several reasons. As a matter of law, Petitioner was not required to raise the objection below. "The right to petition shall not be affected by the failure to seek reconsideration before the agency." 5 G.C.A. § 9241. In any event, the record before this Court shows Petitioner did, in fact, seek

-2-

for Board counsel to produce the films and objected to its non-production. *See* Reply Appendix 3.

Lastly, Board's assertion that "there was never a factual showing that the other two or three x-rays would have made a material difference" misses the point entirely. That we are ignorant as to what the films show is precisely the problem. Those films could have provided exculpatory evidence which would have benefitted Petitioner. To deny him the right to inspect and, if necessary, rebut evidence used against him denied Petitioner of a fair hearing below. On these grounds, the writ shall issue.

## B. Vagueness/Overbreadth Argument

Section 12811 of Title 10 G.C.A. lists examples of unprofessional conduct which may result in discipline which includes any other acts, as determined by the Board, to be unprofessional conduct. *See* 10 G.C.A. § 12811(y). Board sanctioned Petitioner for violation of § 12811(y) in that he "made a telephone call to Dr. Velma Harper and stated to her that he would bring her down." *See* Motion Ex.3, at 2 ¶ 1 (internal quotations omitted). After making such a finding, the Board made the legal conclusion that "in so doing he intimidated and offended fellow veterinarian Dr. Velma Harper." *Id.* ¶ 8.

Petitioner now asks this Court to issue a writ on the grounds that the statute is impermissibly vague and overbroad. He cites to U.S. v. Wunsch[1] and other cases in which a regulation was found to be vague. "A statute is void for vagueness when it does not sufficiently identify the conduct that is prohibited." Wunsch, 84 F.3d 1110, 1119 (9th Cir. 1996). In Wunsch, the 9th Circuit struck down as unconstitutionally vague a California statute which banned attorneys from engaging in "offensive personality." *See Id.* There, the Court found the body of law did not provide adequate narrowing of California's interpretation of the statute which would thereby pass constitutional muster. *See Id.*

---

[1] U.S. v. Wunsch, 84 F.3d 1110 (9th Cir. 1996).

Here, subsection (y) allows the Board to sanction behavior which "includes, but is not limited to, acts... as determined by the Board, to be unprofessional conduct." 10 G.C.A. § 12811(y). Petitioner argues this language is impermissively vague. This Court declines to make such a finding. Subsection (y) must be read in conjunction with the premise of section 12811. "A licensee shall neither act, nor aid or abet another to act, in any manner which is reprehensible, immoral, illegal, against the public interest, policy or safety, or which tends to degrade, destroy or bring discredit upon the licensee, the community or the profession." In the view of this Court, such language provides adequate guidance to the Board in its functions.

The Board is tasked with "protect[ing] the public against unprofessional, improper, incompetent, unlawful, fraudulent or deceptive practices by persons who practice the healing art." 10 G.C.A. § 12801(b). Section 12801 *et. seq.* provides "for the proper guidelines, such as education requirements, continuing education requirements, licensing and renewal procedures, professional conduct and any other matter, which the Board deems appropriate in serving the interests of the community." *Id.*

The Court declines to strike down as vague or overbroad subsection (y). The Board's enabling statutes are written so as to not require overly precise and enumerated examples of sanctionable conduct. The Board has determined that threats and harassment of a fellow health professional is unprofessional and improper. It is the view of this Court that Petitioner's peers are the best judges of professionalism among the profession's members. Moreover, it is in this Court's view that subsection (y), when read in conjunction with the rest of section 12811 and the Board's enabling statute, allows reasonable minds to know what is impermissible conduct. For these reasons, the writ shall not issue on these grounds.

## CONCLUSION

Although this Court does not find 10 G.C.A. § 12811(y) unconstitutionally vague, Petitioner was denied a fair and impartial hearing when the Board denied

him access to the evidence used against him in the tribunal below. It is for this reason that the Motion for Peremptory Writ is **GRANTED**.

The Finding of Fact and Conclusion of Law; Order issued by Respondent on March 21, 2011 shall be vacated.

It is **SO ORDERED** this 4th day of October, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

OCT 0 4 2013

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

OCT 0 7 2013

Esther L. G. Pinaula
Deputy Clerk, Superior Court of Guam